■ HUMPHREY STATTER, Appellant, v KENNETH E. HASBROUCK, as Executor of ANNETTE I. YOUNG, Deceased, Respondent. — Order, Supreme Court, New York County, entered July 7, 1980, encompassing the decision dated May 15, 1980, and the decision dated May 23, 1980, unanimously modified, on the law and the facts and in the exercise of discretion, to reverse so much of said order as transferred the matter to Surrogate's Court, Dutchess County, and the matter remanded to Special Term, New York County, and otherwise affirmed, without costs. Plaintiff-appellant is a Manhattan attorney specializing in taxation, who was retained by defendant-respondent, the executor of an estate located in Dutchess County in connection with tax problems only. Respondent refused to pay the legal fees and disbursements demanded by appellant, who then commenced an action in Supreme Court, New York County. Respondent moved at Special Term for an order transferring the action to the Surrogate's Court, Dutchess County, pursuant to CPLR 325 (subd [e]), and Special Term granted the motion. Appellant's entire practice is in New York City, and has been since 1934. None of the appearances, meetings and conferences held during the two years he performed legal services for the estate took place in Dutchess County. The records involved

are voluminous, filling four drawers in a legal size filing cabinet and are pertinent to the action. Appellant is 71 years of age and claims to be physically unable to transport these records to Poughkeepsie and produce them from day to day as necessary. He has no office or residence there in which to store them. The witnesses he intends to call to establish his professional standing and justify his fees are New York City attorneys. In the judicial settlement of the account of the estate, respondent should have served appellant with process as an unpaid creditor of the estate (SCPA 2210, subd 1), which he failed to do. However, retaining the issue of appellant's fees in New York County will not prevent the distribution of estate assets, as SCPA 1804 provides for distribution of all assets except for a fund sufficient to pay unliquidated claims, while the transfer of the action to the Surrogate's Court of Dutchess County will cause appellant undue and unnecessary hardship. Sufficient circumstances exist to retain jurisdiction in the Supreme Court. Concur — Fein, J. P., Sullivan, Ross, Lupiano and Carro, JJ.